UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kent Dixon and Paul Crandall as Trustees
of the Minneapolis Retail Meat Cutters and
Food Handlers Pension Fund and Trustees
of the Minneapolis Retail Meat Cutters and
Food Handlers Health and Welfare Fund,

      Plaintiffs,

v.

Fresh Seasons Market, LLC, Fresh Seasons
Market Victoria, LLC, Gold Nugget Grille LLC,
Glen Lakes Mall, LLC, Glen Haven Center LLC,
Farmington City Center LLC, Kinsel Point
Development LLC, Victoria City Center, LLC,
Glen Haven Redevelopment LLC, Glen Lake's
Market, LLC and Victoria's Market, LLC,

      Defendants.

Case No. 15-cv-3099 (JNE/TNL)
ORDER

Plaintiffs, the trustees of the Minneapolis Retail Meat Cutters and Food Handlers Pension Fund (the Pension Fund), seek preliminary injunctive relief compelling several Defendants to make interim withdrawal liability payments owed to the Pension Fund for withdrawal liability assessed against Defendant Fresh Seasons Market, LLC (Fresh Seasons). Plaintiffs assert that each Defendant named in their motion is under "common control" with Fresh Seasons and is therefore jointly and severally liable under the Multiemployer Pension Plan Amendments Act (MPPAA), 29 U.S.C. §1381 et seq. For the reasons provided below, Plaintiffs' motion for a preliminary injunction is granted in part and denied in part.

## BACKGROUND

Through at least March 1, 2014, Fresh Seasons was bound to the terms of a collective bargaining agreement (CBA) with the United Food and Commercial Workers of America, Local

653. The CBA required Fresh Seasons to make fringe benefit contributions to the Pension Fund. In April 2014, Fresh Seasons notified the union and its employees that it would cease operations on or about May 5, 2014. Fresh Season ceased its operations as notified. On September 29, 2014, the Pension Fund served Fresh Seasons' majority owner, Thomas Wartman, with a letter demanding payment for withdrawal liability in the amount of $1,441,854.00. The demand for payment stated that the liability should be paid in quarterly payments of $99,930.00. The first installment was to be paid on November 25, 2014.

On November 21, Fresh Seasons requested review of the employer withdrawal liability assessment and requested revision of the calculated payment. Fresh Seasons did not remit the first payment as scheduled. On January 16, 2015, the Pension Fund denied the request for a revised recalculation. The Pension Fund notified Fresh Seasons that it had failed to remit the first payment and had 60 days to cure the failure or it would be in default. The default payment was due on March 18, 2015. Fresh Seasons did not remit the default payment. As of the filing of the motion, Fresh Seasons had not remitted any of the three installment payments due by that time. Since Plaintiffs filed their motion, a fourth payment has come due.

Plaintiffs commenced this action in July 2015, seeking to collect the withdrawal liability owed by Fresh Seasons. Plaintiffs also assert that the following business entities are jointly and severally liable for the withdrawal liability payments: Fresh Seasons Market Victoria, LLC, Gold Nugget Grille LLC, Glen Lakes Mall, LLC, Glen Haven Center LLC, Farmington City Center LLC, Kinsel Point Development LLC, Victoria City Center LLC, and Glen Haven Redevelopment LLC. Each of these entities, Plaintiffs assert, are jointly and severally liable for the payments because each is a trade or business in "common control" with Fresh Seasons, within the meaning of 29 U.S.C. § 1301(b)(1).

On September 14, 2015, the clerk made an entry of default as to Fresh Seasons and Fresh Seasons Market Victoria for failure to plead or otherwise defend the action. On September 15, 2015, Plaintiffs moved for a preliminary injunction seeking payments from Fresh Seasons and the eight other entities alleged to be in "common control." The seven entities not in default responded. Three of them—Glen Haven Center, Farmington City Center, and Victoria City Center—do not oppose the motion. The remaining four entities—Glen Lakes Mall, Kinsel Point Development, Glen Haven Redevelopment, and Gold Nugget Grille—oppose the motion. They assert that they were not in common control with Fresh Seasons and not employers within the meaning of the statutory language.

## STANDARD OF REVIEW

In deciding whether to grant a motion for a preliminary injunction, a court considers: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the harm experienced by other parties if the injunction issues; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Plaintiffs argue that these factors do not apply here because the statutory scheme, which Plaintiffs' refer to as the "pay now, dispute later" scheme, requires interim payments regardless of any disputes about the payments. *See* 29 U.S.C. §§ 1399(c)(2) & 1401(d). Plaintiffs assert that the statute divests the Court of discretion to consider the preliminary injunction factors.

However, in the Eighth Circuit and several other circuits, the issue of whether a defendant is an "employer" under the statute is a threshold question that courts may decide. *See Rheem Mfg. v. Cent. States S.E. and S.W. Pen. Fund*, 63 F.3d 703, 705–06 (8th Cir. 1995) ("Section 1401 applies to disputes between employers and plan sponsors; since the district court

was deciding *whether* Rheem was, or ever had been, an employer, § 1401 does not apply to Rheem's action for declaratory judgment."). While the Court may not have authority to consider defenses to the amount owed to the Pension Fund by the employer, it does have authority to determine whether each Defendant is an employer. *Id.* The motion before the Court seeks a preliminary injunction. Therefore, the Court must make its determination using the standard for preliminary injunctions dictated by the Eighth Circuit Court of Appeals.

## DISCUSSION

Three Defendants, by not opposing Plaintiffs' motion, concede that they are jointly and severally liable for the entire amount sought. As to these Defendants, the Court will grant Plaintiffs the preliminary injunctive relief they seek. However, for the Defendants who have not conceded liability, Plaintiffs' motion fails. Plaintiffs have not asserted or shown that the three Defendants who concede liability are incapable of making the payments sought. Thus, Plaintiffs have not shown that they will be irreparably harmed if the other Defendants are not also ordered to start making payments at this time. "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' motion for a preliminary injunction [Docket No. 33] is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to Defendants Glen Haven Center LLC, Farmington City Center LLC, and Victoria City Center, LLC. Within 14 days of the date of this Order, these Defendants, joint and several, must pay $399,720.00 ($99,930.00 x 4) to cure the four unpaid interim withdrawal liability payments owed

to the Pension Fund between November 2014 and the present. Furthermore, pending the outcome of this proceeding, these Defendants are restrained from their continued violation of 29 U.S.C. § 1399(c) and default on the payment schedule established by the Plan Administrator, and they are ordered to comply with 29 U.S.C. § 1399(c) and the employer withdrawal liability payment schedule established by the Pension Fund and served upon Defendants on September 29, 2014.

b. For all other Defendants, the motion is DENIED.

Dated: October 22, 2015

                                                                      s/Joan N. Ericksen
                                                                      JOAN N. ERICKSEN
                                                                      United States District Judge