UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kent Dixon and Paul Crandall as Trustees
of the Minneapolis Retail Meat Cutters and
Food Handlers Pension Fund and Trustees
of the Minneapolis Retail Meat Cutters and
Food Handlers Health and Welfare Fund,

      Plaintiffs,

v.

Fresh Seasons Market, LLC, Fresh Seasons
Market Victoria, LLC, Gold Nugget Grille LLC,
Glen Lakes Mall, LLC, Glen Haven Center LLC,
Farmington City Center LLC, Kinsel Point
Development LLC, Victoria City Center, LLC,
Glen Haven Redevelopment LLC, Glen Lake's
Market, LLC and Victoria's Market, LLC,

      Defendants.

Case No. 15-cv-3099 (JNE/TNL)
ORDER

      Plaintiffs, the trustees of the Minneapolis Retail Meat Cutters and Food Handlers Pension Fund, filed a motion seeking preliminary injunctive relief compelling several Defendants to make interim withdrawal liability payments owed to the Pension Fund for withdrawal liability assessed against Defendant Fresh Seasons Market, LLC. On October 22, 2015, the Court granted the motion as to Defendants Glen Haven Center LLC, Farmington City Center LLC, and Victoria City Center, LLC, because these Defendants did not oppose the motion. The Court denied the motion as to Defendants Gold Nugget Grille LLC, Glen Lakes Mall, LLC, Kinsel Point Development LLC, and Glen Haven Redevelopment LLC, because "Plaintiffs have not asserted or shown that the three Defendants who concede liability are incapable of making the payments sought," and thus, "Plaintiffs have not shown that they will be irreparably harmed if the other Defendants are not also ordered to start making payments at this time." This matter is now before

the Court on Plaintiffs' letter seeking permission to file a motion to reconsider as to these four Defendants.

Motions to reconsider require the permission of the court and will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988).

It appears that two days before the Court's October 22 Order, Defendants' now-former counsel sent a letter to Plaintiffs' counsel showing that the three conceding Defendants may not be able to pay the full amounts owed. The letter specifically states: "As the documents attached demonstrate, these Defendants are not financially viable." If the Court had been aware of this information prior to issuing the October 22 Order, it might have affected the Court's analysis. Accordingly, the Court finds that Plaintiffs have demonstrated compelling circumstances that warrant reconsideration.

Defendants' counsel responded to Plaintiffs' letter request by asking the Court to reconsider the motion with respect to the three conceding Defendants as well. They suggest that Defendants did not oppose Plaintiffs' motion upon the poor advice of Defendants' prior counsel. The Court finds that Defendants do not present compelling circumstances warranting reconsideration. *See S.E.C. v. Lawton*, No. CIV. 09-368, 2011 WL 839379, at *1 (D. Minn. Mar. 7, 2011) ("Lawton's displeasure with his representation is not a compelling circumstance that warrants reconsideration of the Court's Order."). Accordingly, the reconsideration of the Court's October 22 Order will be limited to Defendants Gold Nugget Grille, Glen Lakes Mall, Kinsel Point Development, and Glen Haven Redevelopment, as requested by Plaintiffs.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' letter request seeking permission to file a motion to reconsider [Docket No. 58] is GRANTED.

2. Plaintiffs have 10 days from the date of this Order to file their motion to reconsider. Defendants have 14 days from when Plaintiffs file and serve their motion to file a response. Plaintiffs have seven days to file a reply to Defendants' response.

Dated: November 9, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge